IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ERIC EUGENE JOHNSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-595-KD-N |
| | ) | |
| CITY OF FAIRHOPE, ALABAMA, | ) | |
| *et al.*, | ) | |
|     Defendants. | ) | |

REPORT AND RECOMMENDATION
------

Currently pending before this Court is Defendants, City of Fairhope ("Fairhope"), Stephanie Hollinghead ("Hollinghead"), Shane Nolte ("Nolte"), Joe Petties ("Petties"), Ernest Bishop ("Bishop"), and Tim Kant's ("Kant"), Motion to Dismiss Plaintiff's Complaint (Doc. 13) under Federal Rules of Civil Procedure 8 and 12(b)(6) which were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Plaintiff has filed a response to the motion (Doc. 15) to which Defendants have replied (Doc. 16). After careful consideration of the record, it is recommended that Defendants' Motion to Dismiss be granted in part and denied in part as follows:

1) Granted as to Plaintiff's § 1983 claim(s) based on the actions described in Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and on the grounds that the claims are barred by the applicable statute of limitations and/or *Heck*

1

*v. Humphrey*, 512 U.S. 477, 489–90, 114 S.Ct. 2364, 2374, 129 L.Ed.2d 383 (1994); and

2) Denied as to Plaintiff's state law claims as Court will not exercise supplemental jurisdiction over those claims.

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of a series of events that began on May 25, 2014, when an individual named Leslie Knox contacted Defendant Hollinghead via email and complained of receiving text messages from an unknown number. (Doc. 1 at 2). Knox additionally indicated that she had received harassing emails and text messages from Plaintiff in the past. (*Id.*) On March 25, 2014 [sic], Plaintiff was notified by Defendant Petties that Hollinghead had conducted an investigation into Plaintiff's conduct and, as a result of that investigation, Plaintiff could either resign from his position at the City of Fairhope's Police Department[1] or be fired, at which time Plaintiff resigned. (*Id.* at 3).

On May 27, 2014, Hollinghead obtained a warrant for Plaintiff's arrest on charges of Third Degree Harassing Communications (domestic violence) and Stalking Second Degree based upon Knox's complaints. (*Id.*) Plaintiff surrendered to the police department and was arraigned before a Municipal Judge in a police interview room without counsel. (*Id.*) At that time, Plaintiff was denied bond at the request of Defendant Hollinghead. (*Id.*)

---

[1] The Complaint is silent as to what position Plaintiff held with the Fairhope Police Department.

However, Plaintiff requested a 72-hour hearing for purposes of obtaining bond and the Judge granted the request, but no hearing ever took place. (*Id.*)

Following the denial of bond, Plaintiff was jailed for three days during which time he was not allowed to make phone calls or consult with counsel. (*Id.* at 3). Plaintiff was released from the City of Fairhope's jail on May 30, 2014, to the custody of the Baldwin County Sheriff's Department to be transported to Baldwin County Probate Court for a hearing as to whether Plaintiff should be involuntarily committed based on a petition filed by Hollinghead. (*Id.* at 3-4). At the hearing, Hollinghead presented testimony and evidence in support of commitment, which Plaintiff asserts was illegally obtained and/or unlawfully seized as it was outside of the scope of the search warrant obtained. (*Id.* at 4). Plaintiff was not aware of the nature or allegations in Hollinghead's petition prior to the hearing and was only given a brief opportunity to speak with a mental health professional and counsel before the hearing began. (*Id.*) Following the hearing, the Probate Judge ordered that Plaintiff be involuntarily committed and Plaintiff was held at East Point Mental Health Facility from May 30, 2014 until June 30, 2014. (*Id.*)

According to Plaintiff, during a recorded proceeding on February 16, 2016, the attorney for the City of Fairhope acknowledged that Plaintiff's mental state was such that Plaintiff should not have been committed. (*Id.*) As a result of the above, Plaintiff asserts that he was deprived of individual

liberties, suffered emotional and financial injury, and was deprived of his right under the Second Amendment of the United States Constitution to keep and bear arms, namely the value and use of his firearms collection which was seized by the Fairhope Police Department.  (*Id.*)

Plaintiff filed the instant action on November 30, 2016, against Defendants asserting the following six counts: Count One – a claim pursuant to 42 U.S.C. § 1983; Count Two [2] –Negligence; Count Three – False Imprisonment; Count Four – Negligent Hiring/Training/Supervision; Count Five - Civil Conspiracy; and Count Six – Conversion.   On January 6, 2017, Defendants filed a Motion to Dismiss the Complaint on the grounds that (1) four of Plaintiff's claims were time-barred or barred by the municipal non-claims statute, (2) Plaintiff's § 1983 claim is barred by *Heck v. Humphry* [sic], 512 U.S. 477 (1994) and principles of res judicata, (3) the complaint fails to satisfy the pleading requirements, and (4) the City of Fairhope, individually, is immune to claims of intentional torts. (Doc. 13).  Plaintiff timely responded to Defendants' motion on January 30, 2017 (Doc. 15) and Defendants replied on February 6, 2017 (Doc. 16).

## STANDARD OF REVIEW

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must first satisfy the pleading requirements of Rule 8(a)(2), which provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader

---

[2] Plaintiff's Complaint also refers to his negligence claim as Count I.

is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 establishes a regime of "notice pleading," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 513-14, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), it does not eliminate all pleading requirements.

First, the complaint must address all the elements that must be shown in order to support recovery under one or more causes of action.  "At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).

Pleading elements is necessary, but it is not enough to satisfy Rule 8(a)(2).  There must, in addition, be a pleading of facts.  The rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" to satisfy that rule.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2009).  The complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a

right to relief above the speculative level" and must be a "'plain statement'
possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"
*Twombly*, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in
original). But "[t]hreadbare recitals of the elements of a cause of action,
supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at
678, 129 S. Ct. at 1949. Furthermore, the court treats as true factual
allegations, but it does not treat as true conclusory assertions or a recitation
of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S. Ct. at 1951.

When considering whether a complaint states a claim for relief, the
Court "should assume, on a case-by-case basis, that well pleaded factual
allegations are true and then determine whether they plausibly give rise to
an entitlement to relief." *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010).

## DISCUSSION

### I.     Section 1983 Claim

In support of Plaintiff's claim pursuant to § 1983, Plaintiff
incorporated the fact section of his Complaint and then stated, "[t]he
Defendants' conduct was intentional, wanton, and malicious. These acts
violated Plaintiff's rights afforded by the Second, Fourth, Fifth, Sixth, Eighth,
and Fifteenth Amendments to the United States Constitution." (Doc. 1 at 5).
Defendants' argument in support of dismissing Plaintiff's § 1983 claim(s) is
trifold. First, Defendants assert Plaintiff's Complaint fails to satisfy the
pleading requirements set forth in *Twombly* and *Iqbal*; second, Defendants

assert that any § 1983 claim(s) related to the allegations in the Complaint which took place from May 25, 2014 to June 30, 2014 (at the latest) are time-barred by the applicable statute of limitations; and third, Defendants assert that any § 1983 claim arising from his alleged wrongful conviction and/or sentence is barred by the holding in *Heck*. The undersigned will address each argument in turn.

## A.    Failure to State a Claim

Defendants argue that "plaintiff's complaint fails to adequately set out sufficient detail to give rise to a plausible claim for relief; instead, the complaint relies primarily on generalized and conclusory allegations of harm which fail under *Twombly* and *Iqbal*." (Doc. 13 at 2). In response, "[p]laintiff submits that his Complaint meets all requirements for pleadings as set forth in Fed. R. Civ. P. 8 in that his claims are more than mere conclusory allegations and therefore satisfy the requirements of *Bell Atlantic Co. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)." (Doc 15. at 5).

Plaintiff's Complaint does not distinguish what type(s) of § 1983 claim or claims he is asserting beyond referencing six Amendments of the United States Constitution. Additionally, the Complaint fails to articulate which facts support each of the § 1983 claim or claims, or which Defendants are responsible for the described acts. Instead, Plaintiff incorporates the entire fact section of his Complaint and identifies those constitutional amendments

allegedly violated by the "defendants".   Assuming Plaintiff is seeking to assert his claim(s) against all defendants, Plaintiff's Complaint is silent as to what capacity the individuals are being sued.  Moreover, even considering the factual background provided in Plaintiff's Complaint, questions remain as to the nature of the § 1983 claim(s) Plaintiff is asserting and what actions led to an alleged deprivation of Plaintiff's rights.   The only references of "illegal" or "unlawful" activity identified in the fact section of Plaintiff's Complaint are contained in the following statements:

> 15.   […] Defendant Hollinghead offered testimony regarding documents unlawfully seized by Hollinghead and other employees of Defendant City's Police Department. This evidence was illegally obtained because Defendant Hollinghead's search exceeded the scope of any existing warrant, rendering Plaintiff's involuntary commitment unlawful."
>
> …
>
> 19.   As a result of being held involuntarily and deprived of individual liberties, Plaintiff suffered emotional and financial injury. Based upon the wrongful criminal charges and unlawful involuntary commitment, Plaintiff has been deprived of his right under the Second Amendment of the United States Constitution to keep and bear arms, namely the value and use of his firearms collection which was seized by the Fairhope Police Department."

(Doc. 1 at 4).

In order to state a § 1983 claim against the Defendants individually, Plaintiff would need to plead enough facts to plausibly "show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

Plaintiff has failed to meet that burden. Defendant Kant is not referenced in the fact section of Plaintiff's Complaint. Further, the only facts relating to the actions of Defendants Nolte, Petties, and Bishop are that "Plaintiff was informed by Defendant Petties that Defendant Hollinghead had conducted an internal investigation into Plaintiff's conduct and, as a result of that investigation, Plaintiff could either resign his position at Defendant City's Police Department or be fired" and that "Nolte, Petties, and Bishop were each directly or indirectly involved in or participated in this investigation, arrest, and detention." (Doc. 1 at 2). The Complaint does not describe what acts these individual defendants were involved in, nor does it allege how those acts plausibly caused a deprivation of a federal right. As such, the Complaint does not establish a plausible claim against these individuals.

With regard to Hollinghead, the 'facts' pled are more akin to the type of conclusory, defendant-harmed-me allegations that are insufficient to state a plausible claim. *See Iqbal,* 556 U.S. at 678. While Plaintiff states that Hollingshead's actions were unlawful, there are no facts to suggest how they were allegedly unlawful or how or why such unlawful acts resulted in a deprivation of Plaintiff's rights. More specifically, there are no facts to support Plaintiff's claim that these individuals' actions caused Plaintiff to be deprived of his rights provided by the Second, Fourth, Fifth, Sixth, Eighth, or Fifteenth Amendments. As such, to the extent that Plaintiff is asserting a §

1983 claim against the named Defendants, in their individual capacity, the same is insufficient and due to be dismissed.

To the extent that Plaintiff is asserting a § 1983 claim against the individuals in their official capacity, such a claim is, in reality, an action against the City of Fairhope.[3] In order to state a plausible § 1983 claim against Fairhope, Plaintiff must present facts that (1) his constitutional rights were violated; (2) the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) the policy or custom caused the violation. *See McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (*citing to City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).[4] A party may establish that such a policy exists by proving either "(1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through repeated acts of a final policymaker for the county." *Grech v. Clayton County*, 335 F.3d 1326, 1329 (11th Cir. 2003).[5]

---

[3] "Suits against individuals in their official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991)(citing to *Kentucky v. Graham*, 473 U.S. 159 (1985)). "Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's policy or custom' must have played a part in the violation of federal law." *Id.*

[4] Fairhope cannot be held liable on a theory of respondeat superior for the conduct of the officers described in Plaintiff's Complaint. S*ee Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding that § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor").

[5] "In order to establish section 1983 liability against a county based on an unofficial custom or practice, "a plaintiff must establish a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Moore v. Miami-Dade County*, 502 F.Supp.2d 1224, 1231, (S.D. Florida 2007) (*quoting Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991).

Plaintiff's Complaint offers no facts to plausibly sustain a cause of action against the City of Fairhope. In fact, the only mention of Fairhope is that it "maintains and operates the City of Fairhope Police Department" and that "[e]ach and all of the acts (or threats of acts) alleged herein were done by defendants, or their officers, agents, and employees, under color and pretense of the statutes, ordinances, regulations, customs and usages of the City of Fairhope, Alabama." (Doc. 1 at 1-2). Plaintiff fails to identify or even reference a specific custom or policy that allegedly led to the actions described by Plaintiff in his Complaint. At this stage, the question before this Court is not whether some possible inference may result in a cause of action; rather, it is whether, accepting the well-plead facts as true, Plaintiff has stated a cause of action that is more than mere possibility. *See Randall v. Scott*, 610 F.3d 710. Plaintiff has not met that burden and his § 1983 claim against Fairhope is due to be dismissed.

### B.    The Statute of Limitations and the *Heck* Doctrine

Defendants additionally assert that Plaintiff's § 1983 claims, regardless of whether they have been properly pled, are due to be dismissed because they are either barred by the applicable statute of limitations or are barred by the holding in *Heck*. Despite the above, and because, on occasion, Federal Rule of Civil Procedure 12(e) warrants an amendment of the pleadings over a dismissal of a claim/action, the undersigned will still

address the alternative grounds for dismissal raised by Defendants with regard to Plaintiff's § 1983 claim.

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F. 3d 1168, 1173 (11th Cir. 2008) *citing to Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S.Ct. 1938, 1946–47, 85 L.Ed.2d 254 (1985). In Alabama, the statute of limitations for personal injury actions is two years. See Ala.Code § 6–2–38. However, *when* a Section 1983 action accrues is a matter of federal law. *Mullinax v. McElhenney*, 817 F.2d. 711, 716 (11th Cir. 1987). It is well established that a federal claim accrues when the prospective plaintiff "knows or has reason to know of the injury which is the basis of the action." *Corn v. City of Lauderdale Lakes*, 904 F.2d 585, 588 (11th Cir. 1990).

A cause of action for damages under § 1983 due to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. *Heck*, 512 U.S. at 489–90, 114 S.Ct. at 2374. More specifically, in *Heck*, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

> 512 U.S. at ——, 114 S.Ct. at 2372. Thus, a 42 U.S.C. § 1983 damages action which would demonstrate the invalidity of a conviction or sentence does not accrue until the conviction or sentence has been invalidated. *Id*. at ——, 114 S.Ct. at 2374. Such an action, if brought prior to invalidation of the conviction or sentence challenged, must therefore be dismissed as premature. *Id*. at ——, 114 S.Ct. at 2372.2

*Abella v. Rubino*, 63 F.3d 1063, 1064-65 (11th Cir. 1995).

In response to the statute of limitations argument, Plaintiff stated as follows:

> Any statutes of limitation that may apply to Plaintiff's claims are due to be tolled until Plaintiff has had an opportunity to exhaust his attacks on the underlying conviction and detention. Dismissal of Plaintiff's claims at this juncture, without the opportunity to attack his conviction, would serve to deny Plaintiff's prosecution of an otherwise actionable claim.

(Doc. 15 at 4). Plaintiff additionally requests a stay of this action and asserts that it would be "fundamentally unfair" if this action were dismissed and then Plaintiff's conviction was overturned such that he was ultimately adjudicated "not guilty". (*Id*.) With regard to the *Heck* doctrine, Plaintiff asserts that his § 1983 claim should not be dismissed prior to an outcome of Plaintiff's appeal being decided and that "Plaintiff is awaiting determination as to whether his conviction is invalidated and therefore actionable under § 1983." (*Id*.)

At first glance, these two grounds for dismissal appear to be contradictory, for it seems implausible that a claim could be both time-barred and not yet actionable. However, this possible contradiction exists, in part, because Plaintiff's Complaint fails to adequately plead his § 1983 claim.

More specifically, it is unclear whether Plaintiff is asserting § 1983 claim based on false arrest, false imprisonment, unlawful search and/or seizure, lack of adequate counsel, wrongful conviction and/or sentence or some combination of those claims and/or others. If Plaintiff is alleging § 1983 claims based on actions that do no directly call into question the validity of his conviction and/or sentence, those claims would have begun to accrue at the time that Plaintiff knew or had reason to know that a deprivation had occurred. *See Corn*, 904 F.2d at 588. For example, a § 1983 claim for false imprisonment would begin to accrue on the date that the alleged false imprisonment ends. *See Wallace v. Kato,* 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) ("The statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.") *See also Hughes v. Lott*, 350 F.3d 1157, 1160-61 (11th Cir. 2003)("Because an illegal search or arrest may be followed by a valid conviction, a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction. As a result, *Heck* does not generally bar such claims.") (citations omitted) (citing to *Datz v. Kilgore*, 51 F.3d 252, 253 n. 1 (11th Cir.1995) (per curiam) ("Hec*k v. Humphrey* ... is no bar to Datz' civil action because, even if the pertinent search did violate the Federal Constitution, Datz' conviction might still be valid considering such doctrines

as inevitable discovery, independent source, and harmless error.")  However, to the extent that Plaintiff is seeking to assert a § 1983 claim based on his wrongful conviction and/or sentence, then such an action would not yet be viable because the claim would not begin to accrue until Plaintiff's conviction and/or sentence are invalidated.  *See Abella*, 63 F.3d at 1064-65.  Further, when a § 1983 action is commenced based on a claim that accrues before a conviction is invalidated and such a claim will question the underlying conviction, a stay may be warranted.  *Wallace*, 549 U.S. at 394, 127 S.Ct. at 1098.

Plaintiff does not contest that the statute of limitations for a § 1983 action is two years or that such limitation may apply to Plaintiff's claim. Additionally, Plaintiff has not presented any argument as to why his § 1983 claim(s) is not time-barred, except, as set forth above, to state that "any statutes of limitation that may apply to Plaintiff's claims are due to be tolled."  (Doc. 15 at 4).  Plaintiff seems to be arguing that any statute of limitations applicable to his § 1983 claim(s) based on the pre-conviction actions referred to in his Complaint should be tolled based on *Heck*. However, Plaintiff does not cite the Court to any authority in support of this argument.  Moreover, Plaintiff's argument fails to acknowledge that the hypothetical "fundamentally unfair" result is of his own making.  That is, he could have - but failed to- file a claim within the applicable statute of limitations.

A plain reading of Plaintiff's Complaint clearly identifies the dates on which each of the complained of actions occurred, i.e., the dates Plaintiff was investigated, arrested, institutionalized, and released and each of those actions took place from May 25, 2014 to June 30, 2014. (Doc. 1). Thus, the time to file a § 1983 claim relating to those actions are untimely as they were filed on November 30, 2016, after the applicable two year statute of limitations. As a result, Plaintiff's claim is due to be dismissed.

Further, because the applicable statute of limitations separately warrants dismissal of Plaintiff's § 1983 claim(s) and because Plaintiff has not presented any valid argument as to why his claims should be tolled, the undersigned does not find it necessary to allow Plaintiff an opportunity to amend his complaint to potentially remedy the insufficiencies relating to the pleading requirement discussed, *supra*. [6]    Likewise, to the extent that Plaintiff's Complaint asserts a § 1983 claim which challenges his conviction and sentence[7], then the same would still be subject to dismissal pursuant to *Heck* and amendment of the Complaint would be futile.    *See O'Berry v. State Attorney's Office*, 241 Fed.Appx. 654, 658 (11th Cir. 2007) ("[B]ecause

---

[6] Plaintiff has not filed a Motion to Stay in this case.  However, if such a motion were properly before this Court, the same would, likewise, due to be denied.  Had Plaintiff timely filed a § 1983 claim relating to the actions described in his Complaint, then a determination as to whether *Heck* should stay those claims pending a decision on the validity of his conviction would have been warranted.  However, since Plaintiff did not file his § 1983 action until after the statute of limitations had run, there exist no valid reason to stay this action at this time.

[7] Plaintiff makes no reference to his conviction or sentence in his Complaint and, therefore, this Court does not interpret Plaintiff's Complaint to assert a §1983 claim based on his conviction and sentence.  Nevertheless, to the extent that Plaintiff meant to assert such a claim and the same is due to be dismissed *without* prejudice as premature pursuant to *Heck*.

O'Berry's claim was barred by *Heck*, the court's granting leave to amend his complaint would have been "futile," because, under the holding of *Heck*, "the complaint as amended [would] still be subject to dismissal.") (*citing to Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir.2004). As a result, Defendants' Motion to Dismiss Plaintiff's § 1983 claim(s) is due to be granted.

III.    State Law Claims

Plaintiff's Complaint asserts federal question jurisdiction over the § 1983 claim and supplemental jurisdiction over his five remaining state law claims.  Pursuant to 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. "The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004). "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) (*citing Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1569 (11th Cir. 1994)). The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney*, 370 F.3d at 1089.

Of the six causes of action asserted by Plaintiff, only one asserted a federal claim. Because this Court has determined that the sole federal claim is due to be dismissed, "there remains no independent original federal jurisdiction to support the Court's exercise of supplemental jurisdiction over the state claims against Defendant." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997). As a result, it is further recommended that Plaintiff's remaining state law claims be dismissed to allow Plaintiff to pursue his claims in a more appropriate forum. The state court is best equipped to research and rule on matters of state law and neither judicial economy nor fairness to other litigants supports retaining jurisdiction over Plaintiff's state law claims.

## CONCLUSION

For the reasons set forth herein above, it is recommended that Defendants' Motion to Dismiss be granted in part and denied in part as follows:

1) Granted as to Plaintiff's § 1983 claim(s) based on the actions described in Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and on the grounds that the claims are barred by the applicable statute of limitations and/or *Heck v. Humphrey*, 512 U.S. 477, 489–90, 114 S.Ct. 2364, 2374, 129 L.Ed.2d 383 (1994); and

2) Denied as to Plaintiff's state law claims as Court will not exercise supplemental jurisdiction over those claims.

NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 14th day of April 2017.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**